

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

August 15, 1966

Honorable Joe Resweber　　　　Opinion No. C-740
County Attorney
Harris County　　　　　　　　Re: Cash deposited in lieu
Houston, Texas　　　　　　　　of sureties on bail bond.

Dear Mr. Resweber:

In an opinion request of this office you pose the following questions:

"1.  Where a Peace Officer has a warrant of arrest in hand showing bail in an amount certain set by the Court and said Peace Officer places a Defendant under arrest under such warrant and said Defendant tenders to the Peace Officer a proper bond together with the proper amount of cash in lieu of having sureties sign his bond, is the Peace Officer required to take such cash and issue receipt for same and accept said bond as though proper sureties had signed same?

" 2.  Who does the term 'officer', as used in Article 17.02 Code of Criminal Procedure, mean?

" 3.  Article 17.02 states in part 'the defendant upon execution of such bail bond may deposit with the custodian of funds of the Court in which the prosecution is pending.'

    a.  Does this mean that such funds <u>must be</u> received by a Justice of the Peace, or the County or District Clerk?

    b.  May such funds be received by the Sheriff and turned over to the Justice of the Peace, County Clerk or District Clerk?

    c.  May the Court designate the Sheriff to be the custodian of funds of the Court in matters where cash in lieu of sureties on bond is received?

"4.    If such funds for cash bonds are de-
posited with a Justice of the Peace, but
the final prosecution is in County Court
or District Court, may the Clerk of the
County Court or District Court disburse
the cash bond to the Defendant upon proper
order of his Court?"

All statutes referred to in this opinion will be
Articles of Vernon's Code of Criminal Procedure.

Article 17.02 provides as follows:

"A 'bail bond' is a written undertaking en-
tered into by the defendant and his sureties
for the appearance of the principal therein
before some court or magistrate to answer a
criminal accusation; provided, however, that
the defendant upon execution of such bail
bond may deposit with the custodian of funds
of the court in which the prosecution is
pending current money of the United States
in the amount of the bond in lieu of having
sureties signing the same. Any cash funds
deposited under this Article shall be re-
ceipted for by the officer receiving the same
and shall be refunded to the defendant if
and when the defendant complies with the
conditions of his bond, and upon order of the
court."

It will be noted that Article 17.05 provides that a
bail bond may be taken from the defendant by a peace officer
who has a warrant of arrest or commitment. Then Articles
17.20, 17.21, and 17.22 set out the circumstances when a
peace officer may take a bail bond from a defendant. The
first of these, Article 17.20, provides as follows:

"The sheriff, or other peace officer, in
cases of misdemeanor, has authority, whether
during the term of the court or in vacation,
where he has a defendant in custody under a
warrant of commitment, warrant of arrest,
or capias, or where the accused has been
surrendered by his bail, to take of the
defendant a bail bond."

Article 17.21 states as follows:

"In cases of felony, when the accused is in custody of the sheriff or other peace officer, and the court before which the prosecution is pending is in session in the county where the accused is in custody, the court shall fix the amount of bail, if it is a bailable case and determine if the accused is eligible for a personal bond; and the sheriff, or other peace officer, unless it be the police of a city, is authorized to take a bail bond of the accused in the amount as fixed by the court, to be approved by such officer taking the same and will thereupon discharge the accused from custody. It shall not be necessary for the defendant or his sureties to appear in court."

Article 17.22 provides as follows:

"In a felony case, if the court before which the same is pending is not in session in the county where the defendant is in custody, the sheriff, or other peace officer having him in custody, may take his bail bond in such amount as may have been fixed by the court or magistrate, or if no amount has been fixed, then in such amount as such officer may consider reasonable."

The above quoted Articles set out the circumstances when peace officers are authorized to take bail bonds of the defendants. However, your first question is whether or not a peace officer, assuming the circumstances outlined in the above articles are present, must take a cash bond tendered by a defendant in lieu of a bail bond signed by sureties as is provided in Article 17.02. We answer this question in the affirmative. Article 17.02 gives the defendant the right to put up cash in lieu of having sureties sign a bail bond. We are not unaware that Article 17.02 requires that the cash bond, if tendered in lieu of sureties, be deposited with the custodian of the funds of the court; that is the clerk of the court, or the justice of the peace as the case may be. However, if the court is not in session at the time the cash bond is tendered, and the circumstances of the above quoted articles are met and a sheriff or other peace officer would be entitled to accept the defendant's bond, we are of the opinion that the peace officer must accept a cash bond tendered by a defendant. In view of Branbh v. Guinn, 242 S.W. 482 (Tex. Civ. App. 1922) it would appear that the sheriff has the duty to accept a bond under these circumstances.

Since the sheriff would be under such a duty, and since Article 17.02 gives a defendant, as a matter of right, the privilege of posting a cash bond rather than a surety bond, it is our opinion that a peace officer is required to take cash tendered by a defendant and accept a bail bond as though proper sureties had signed same.

You next inquire as to what is included by the term "officer" as that term is used in Article 17.02. The pertinent portion of that Article is as follows:

> ". . .Any cash bonds deposited under this Article shall be receipted for by the officer receiving the same and shall be refunded to the defendant if and when the defendant complies with the conditions of his bond, and upon order of the court." (Emphasis added)

It will be noted that the word "officer" as used in Article 17.02 was evidently intended to be much broader than the term "peace officer". Articles 17.02 and 17.20 set out the officials who may accept bail bonds. In addition, Article 17.02 provides that cash tendered by a defendant in lieu of sureties on a bail bond shall be deposited with the custodian of funds of the court in which prosecution is pending. It is our opinion, therefore, that the word "officer" as used in Article 17.02 includes all of those officials set out in Articles 17.05 and 17.20, as well as the custodian of funds of the court in which the prosecution is pending, which would be the clerk of the court or a justice of the peace.

We have already stated that it is our opinion that a peace officer, if the circumstances outlined in Articles 17.05, 17.20, 17.21, and/or 17.22 are met, must accept the cash bond tendered by a defendant. It therefore follows that a defendant is not himself required to deposit the funds with the custodian of the court as is provided for in Article 17.02. However, the officer receiving the cash, if he is not the custodian of the funds of the court, should deposit the sum of money received with the custodian. We are of the opinion that there is no necessity or authority for a court to appoint a sheriff as custodian of the funds since the clerk of the court or the justice of the peace, as the case may be, is already charged with that duty. The sheriff or other peace officer accepting the cash bond should simply receipt the bond to the defendant and then turn the money over to the clerk of the court or the justice of the peace, whichever is the appropriate officer. We note however that if the court in which

the cash bond is given does not have jurisdiction to try the defendant. the cash bond should be transferred to the clerk of the court that has such jurisdiction. It is our opinion that the justice of the peace, or clerk of the county court, when such a transfer takes place, should transfer the cash bond along with the other papers in the case to the district clerk. Article 17.30 Vernon's Code of Criminal Procedure.

## S U M M A R Y

A peace officer must accept cash in lieu of the signature of sureties when tendered as a bond by a defendant if said peace officer is authorized by Articles 17.05, 17.20, 17.21, and/or 17.22 to take a bail bond. The term "officer" as that term is used in Article 17.02 includes any person who is authorized to receive said cash in lieu of signatures of sureties, whether it be a peace officer, justice of the peace, or the clerk of the appropriate court. It is not necessary that said cash be paid by the defendant directly to the custodian of the funds of the Court, but rather said cash must eventually be deposited with that officer. If such cash is accepted by someone other than the custodian of the funds of the court, that officer should turn the money over to said custodian. The court has no authority to designate the sheriff to be the custodian of the funds. The cash bond shall be refunded to the defendant, if and when the defendant complies with the conditions of his bond, and upon order of the court.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By SAM KELLEY
Assistant Attorney General

SK/lh

APPROVED
OPINION COMMITTEE